AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
District of Montana

United States of America
v.
Terrill Dwayne Martin

Case No: CR-22-17-DLC
USM No: 89748-509

Date of Original Judgment: 09/06/2022
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 47.) Defendant is clearly ineligible.

Part B, subpart 1 provides a two-level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. See USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Here, Defendant's criminal history score was zero and the instant offense did not involve any aggravating factors. (Doc. 47 ("PSR") ¶ 39). However, Defendant is ineligible for a sentence reduction under the retroactive application of Amendment 821 because he received a below-guideline sentence of 120 months, which was the statutory mandatory minimum sentence required by 21 U.S.C. § 841(a)(1) and (b)(1)(A) and a downward variance from the 135–168-month guideline range. (*See* Doc. 44 at 2; PSR ¶¶ 71–72.) Thus, a two-level offense level reduction under Amendment 821 Part B, subpart 1 would not have the effect of lowering the Defendant's mandatory minimum sentence and his motion is denied.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 1/2/2024

Judge's signature

Effective Date: _____
*(if different from order date)*

DANA L. CHRISTENSEN
Printed name and title